IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ZACHARY O. DUPREE                                                                                            PLAINTIFF

v.                                    Civil No. 1:25-cv-01053-SOH-BAB

PUBLIC DEFENDER JOSEPH MAZZANTI;
DEPUTY PROSECUTOR SANDRA BRADSHAW;
INVESTIGATOR TAD HUNTSMAN
(Ashley County Sheriff's Office);
DEPUTY DEREK HILL
(Ashely County Sheriff's Office)                                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

### I. BACKGROUND

Plaintiff filed his Complaint on June 26, 2025.  (ECF No. 1).  On the same day, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* (IFP) application and an Amended Complaint.  (ECF No. 2).  Plaintiff submitted an incomplete IFP application on July 8, 2025.  (ECF No. 4).  The Court entered a second Order directing him to submit a completed IFP application on July 9, 2025.  (ECF No. 5).  Plaintiff submitted an Amended Complaint on July 15,

2025. (ECF No. 6). He submitted a completed IFP application on July 21, 2025. (ECF No. 7). He was granted IFP status on July 28, 2025. (ECF No. 8).

For his first claim, Plaintiff alleges that Defendants Mazzanti and Bradshaw coerced him into taking a plea deal for 108 months in the Arkansas Department of Corrections on February 3, 2025. (ECF No. 4). He alleges that his public defender, Defendant Mazzanti, withheld key information from the court that would have proven his innocence, insisting instead that he accept the plea deal offered. (*Id*. at 4-5). He alleges Defendant Bradshaw continued to prosecute him while knowing that an officer of the law committed perjury in his case. (*Id*. at 5). In the section of the form for the official capacity claim, Plaintiff repeats his allegation that he was coerced into taking a plea deal. (*Id*.).

For his second claim, Plaintiff alleges that on September 12, 2024, Defendant Huntsman "went to great lengths to providing false information on a sworn affidavit to obtain a warrant for my arrest. . . ." (*Id*. at 6). In the section of the form for the official capacity claim, Plaintiff alleges that Defendant Huntsman committed perjury, resulting in Plaintiff's false imprisonment. (*Id*.).

For his third claim, Plaintiff alleges that Defendant Hill failed to document and file his involvement with the case in a report written on September 2, 2024. (*Id*. at 8). In the section of the form for the official capacity claim, Plaintiff alleges Defendant Hill used hearsay evidence against him, resulting in him being coerced into taking a plea deal. (*Id*. at 8-9).

Plaintiff seeks compensatory, punitive and other damages. (*Id*. at 9). He seeks monetary damages in the amount of $1500.00 per day of imprisonment, and $300,000 for pain, suffering and mental anguish. (*Id*.). He asks that each Defendant be held accountable and be suspended or terminated from their jobs. (*Id*.).

The Court has reviewed Plaintiff's state criminal cases. *State v. Zachary O'Neill Dupree*, 02CR-24-167 is the underlying state case for his claims. In this case, Plaintiff was charged with

commercial burglary and theft of property (firearm).[1]  He was represented by Defendant Mazzanti, pleaded guilty to both charges, and was sentenced the Arkansas Division of Correction for 108 months.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1] Information publicly available at Search AR Courts (last accessed Aug. 26, 2025).

### III.  ANALYSIS

#### A.     Public Defender Joseph Mazzanti

Defendant Mazzanti is identified by Plaintiff as a public defender.  Public defenders are not subject to suit under § 1983.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).  Defendant Mazzanti was not acting under color of state law while representing Plaintiff in his criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").  Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Mazzanti.

#### B.     Deputy Prosecutor Sandra Bradshaw

Plaintiff's claims against Prosecutor Bradshaw must be dismissed because prosecutors are immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.* at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).  Plaintiff has failed to state cognizable claims under § 1983 against Defendant Bradshaw.

#### C.     Defendants Huntsman and Hill

Plaintiff's claims against Defendants Huntsman and Hill are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court

held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff pleaded guilty in *State v. Zachary O'Neill Dupree*, 02CR-24-167.  He does not allege that this case has been reversed on appeal, expunged, declared invalid, or called into question in a *habeas* case.  As such, Plaintiff's claims against Huntsman and Hill are barred by the *Heck* doctrine.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **27th day of August 2025**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE